# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JEFFREY D. PEREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 3:15-CV-496 TLS |
| | ) |
| CORIZON, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Jeffrey D. Perez, a *pro se* prisoner, filed an amended complaint [ECF No. 6] alleging that he was denied medical care while he was an inmate at the Miami Correctional Facility. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, this Court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Perez alleges that, from August 2014 until March 2015, Dr. Noe Marandet and Nurse Lee Ann Ivers prevented him from receiving medical treatment and surgery for his feet by delaying and interfering with referrals for surgery and outside medical treatment, which left him in pain. "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional

judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (internal quotation marks and citations omitted). These allegations against Dr. Marandet and Nurse Ivers state a claim and the case against them will proceed.

Perez also alleges that he was retaliated against by being transferred to the Wabash Valley Correctional Facility because he filed grievances complaining about the lack of medical care he was receiving at the Miami Corectional Facility. While the details of his transfer are unclear, it is clear that the medical defendants named in this complaint did not have the authority to transfer prisoners between facilities. *See* Indiana Department of Correction, Adult Offender Classification Policy Manual § X, at X-1 to X-3/80–82 (2015), *available at*, http://www.in.gov/idoc/files/01-04-101_Adult_Offender_Classification_11-1-2015.pdf. Therefore, Perez will not be granted leave to proceed on a retaliation claim.

Finally, Perez names Corizon, Inc. as a defendant. However, based on the allegations in the amended complaint, Corizon's only involvement is that it employed Dr. Marandet and Nurse Ivers. This is insufficient to state a claim because "[p]rivate corporations like [Corizon] cannot be liable in a § 1983 suit under respondeat superior." *Glisson v. Ind. Dep't of Corr.*, — F.3d — , No. 15-1419, 2016 WL 625944, at *3 (7th Cir. Feb. 17, 2016). It is true that "[p]rivate corporations acting under color of state law may, like municipalities, be held liable for injuries resulting from their policies and practices." *Hahn v. Walsh*, 762 F.3d 617, 640 (7th Cir. 2014) (quoting *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012)). However, Perez has not alleged the existence of any official policy or practice which caused his injuries. In some cases it would be possible to infer the existence of such a policy, but here such an inference

is not plausible because only days after he was transferred to Wabash Valley, other Corizon employees referred him "to the Podiatrist and I received the needed corrective surgery without a problem or hitch." (Am. Compl. 6, ECF No. 6.) Therefore, Perez has not stated a claim against Corizon and it will be dismissed.

For these reasons, the Court:

(1) **GRANTS** Jeffrey D. Perez leave to proceed against Dr. Noe Marandet and Nurse Lee Ann Ivers in their individual capacities for compensatory and punitive damages for preventing him from receiving medical treatment and surgery for his feet from August 2014 until March 2015, in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Corizon, Inc.;

(4) **DIRECTS** the clerk to transmit the summons and USM-285 for Dr. Noe Marandet and Nurse Lee Ann Ivers to the United States Marshals Service along with a copy of the amended complaint [ECF No. 6] and this Order;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Dr. Noe Marandet and Nurse Lee Ann Ivers; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Noe Marandet and Nurse Lee Ann Ivers respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 22, 2016.

                                              s/ Theresa L. Springmann
                                              THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT
                                              FORT WAYNE DIVISION